IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN YOCUM, *surviving brother of LANCE A. YOCUM as Trustee Ad Litem and as Administrator of the Estate of LANCE A. YOCUM, Deceased,* Plaintiff, <br><br> v. <br><br> RHONDA HERMICK, R.N., STEPHANIE SOMOGIE, L.P.N., CASEY JENNINGS, SEAN SHIRLEY, JOAN BELL, ALBERT FAY, GERVAIS HANNON; TRINA HALL; COUNTY OF BEAVER d/b/a FRIENDSHIP RIDGE and PREMIERE HEALTHCARE RESOURCES, Defendants. | Civil Action No. 12-1530 <br> United States District Judge <br> Terrence F. McVerry <br> United States Magistrate Judge <br> Cynthia Reed Eddy |

**MEMORANDUM AND ORDER**

On May 17, 2013, United States Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation which recommended that three pending Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 21, 23 and 39) be granted in part and denied in part. After careful consideration of Defendants' Objections to the Report and Recommendation and Responses to Objections, the Court will accept the Magistrate Judge's recommendation and adopt the Report and Recommendation as the Opinion of the Court, except as noted.

**The Amended Complaint (ECF No. 16)**

As set forth in greater detail in the Report and Recommendation, on April 29, 2011, Lance Yocum was involuntarily admitted to "Friendship Ridge," a public-run, long term structured residence facility that provided mental health treatment in Beaver County,

1

Pennsylvania, pursuant to section 304(c) of the Pennsylvania Mental Health Procedures Act, as amended, 50 Pa. Stat. Ann. § 7304(b) (court-ordered, involuntary treatment not to exceed ninety days). The following day, Lance Yocum died, allegedly as a result of his reaction to medication improperly administered to him at the facility.

Sean Yocum is the surviving brother of Lance, and is Trustee Ad Litem and Administrator of his Estate. The Complaint, filed in state court,[1] raises wrongful death and survival claims under Pennsylvania statutes, 42 Pa.C.S. §§ 8301 and 8302, respectively, as well as federal civil rights and other claims pursuant to 42 U.S.C. § 1983, and names the "County of Beaver, d/b/a Friendship Ridge" ("County" or "Friendship Ridge," depending on context), Premiere Health Services, Inc., and six individual medical/mental health providers, as Defendants.[2] Friendship Ridge is owned by Beaver County.

When the individual Defendants filed their Notice of Removal, to which County and Premiere consented, removing Defendants neglected to attach all state court pleadings, as required by the Removal Statute, 28 U.S.C. § 1446(a) (notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in state court). On October 29, 2012, the County filed a Motion to Dismiss Cross-Claim By Premier Healthcare Resources, Inc. (ECF No. 8), in which it seeks to dismiss Premier's cross-claim for indemnity, based on a management agreement to provide medical services at Friendship Ridge, that had been filed in the Court of Common Pleas of Beaver County. Attached to that motion is Premier's Answer, New Matter and

---

[1] Defendants removed the case to this Court on October 22, 2012, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1441(a) (removal jurisdiction).

[2] Rhonda Hermick, R.N.; Stephanie Somogie, L.P.N.; Casey Jennings, Sean Shirley, Joan Bell, Albert Fay, Gervais Hannon and Trina Hall were added in the Amended Complaint.

Cross-Claim Pursuant to Pa.R.C.P. 1031.1 (ECF No. 8-2) filed in the state court. On November 6, 2012, the removing individual Defendants filed a "Supplemental Exhibit to Notice of Removal," acknowledging their inadvertent failure "to include as an exhibit the previously filed Answer, New Matter and Cross-claim Pursuant to Pa.R.C.P. 1031.1 filed on behalf of Defendant Premiere Healthcare Resources, Inc. in the Court of Common Pleas of Beaver County, Pennsylvania." (ECF No. 15).

The County also filed a motion to dismiss Plaintiff's complaint (ECF No. 6), as did the individual Defendants. (ECF No. 13). While the three motions were pending, Plaintiff filed an Amended Complaint (ECF No. 16). On November 21, 2013, the Magistrate Judge entered a Text Order denying the pending motions as moot. No appeal was taken from that Order.

The Amended Complaint alleges that Lance Yocum was administered prescription medications intended for another resident at the facility, and that none of the defendants took any emergency measures to save him after obvious life-threatening side effects became apparent, and that all Defendants participated in a cover-up to hide their mistakes and the cause of death. Amended Complaint (ECF No. 16, ¶¶ 17-54). Mr. Yocum died on April 30, 2011 due to the alleged "erroneous ingestion of medications meant for another patient," *id*. at ¶ 53, and defendants' gross negligence and deliberate indifference in failing to treat Mr. Yocum following the erroneously administered medication and the life-threatening side effects resulting therefrom.

The Amended Complaint asserts that Defendants are bound by the 1987 Omnibus Reconciliation Act and the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1395i-3, and implementing regulations, and by the Pennsylvania counterpart statutes and regulations, and that Defendants' deliberate, reckless and/or gross deviation from those standards, their conscience-shocking conduct and their deliberate indifference to Lance Yocum's health and

3

safety, violated Lance Yocum's rights guaranteed by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983. Amended Complaint, (ECF No. 16, ¶¶ 58-69). The Amended Complaint makes the same allegations against each individual Defendant (ECF No. 16, Counts I through VIII, ¶¶ 71-134), by raising several theories and causes of action: deprivation of rights secured by section 1983 and the Fourteenth Amendment; by 42 U.S.C. § 1395i-3, 35 P.S. §§ 448.101 *et seq.*, and federal and state implementing regulations; and deprivation of Lance Yocum's "right to life" as secured by the United States Crimes Code, 18 U.S.C. § 1112 (proscribing Involuntary Manslaughter). The amended Counts against Friendship Ridge and Premier add the standard *Monell* language[3] regarding their respective failures to train, supervise or discipline their employees, servants, agents, etc., and the Amended Complaint eliminates the "right to life" – involuntary manslaughter theory of liability against these Defendants.

**The Motions to Dismiss and Magistrate Judge's Analysis**

Separate Motions to Dismiss the Amended Complaint were filed on behalf of: individual Defendants Rhonda Hermick, R.N., Stephanie Somogie, L.P.N., Casey Jennings, Sean Shirley, Joan Bell and Albert Fay (ECF No. 21); County of Beaver d/b/a Friendship Ridge (ECF No. 23); and individual Defendants Gervais Hannon and Trina Hall (who had been added by the Amended Complaint) (ECF No. 39).

The Magistrate Judge recommended denial of the motions to dismiss claims of deliberate indifference to medical needs under the Eight Amendment and *Gamble v. Estelle*, 439 U.S. 897 (1978), by finding that "Plaintiff has set forth more than sufficient facts to support his claim of deliberate indifference to his medical emergency under the foregoing substantive and pleading

---
[3] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

4

standards. Accordingly, defendants' arguments to the contrary are without merit, and Plaintiff's claims of deliberate indifference to medical needs under the Eight Amendment and section 1983 should survive the motions to dismiss." Report and Recommendation (ECF No. 41), at 10-11.

Regarding Plaintiff's claims that Defendants deprived him of "rights" secured under the involuntary manslaughter statute of the United States Crimes Code, the Magistrate Judge stated that it "requires little discussion to dismiss Plaintiff's claims predicated on a violation of any rights due him by the federal criminalization of involuntary manslaughter, 18 U.S.C. § 1112. This statute is found in Title 18 of the United States Code, Crimes and Criminal Procedure. As a rule, criminal actions may only be brought by the state and not by individuals." Report and Recommendation (ECF No. 41), at 11. As Plaintiff has no private right of action under 18 U.S.C. § 1112, the Magistrate Judge recommended that the motions to dismiss Plaintiff's section 1983 claim predicated on violation of the Crimes Code should be granted and the claims dismissed.

The Magistrate Judge also agreed with Defendants that punitive damages are not available in a section 1983 civil rights suit against governmental entities or against an officer acting in his or her official capacity, *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988), but may be considered against individual defendants with regard to conduct performed in their individual capacities. Thus the Magistrate Judge recommended that the claims for punitive damages against the County of Beaver and its officials, employees and agents, to the extent they were acting in their official capacities, be dismissed, but not as to conduct taken in Defendants' individual capacities.

As to any rights created by the 1987 Omnibus Reconciliation Act and the Federal Nursing Home Reform Act (FNHRA), 42 U.S.C. § 1395i-3, and implementing regulations, the Magistrate Judge found that these statutes and regulations are, arguably, "'rights-creating'

5

statutes which set the professional standards for facilities and providers of medical services to their patients, and that failure to abide by these standards is actionable under 42 U.S.C. § 1983 as a deprivation of a right created by federal statute." Report and Recommendation (ECF No. 41), at 12 (citing, *inter alia*, *Blessing v. Freestone*, 520 U.S. 329 (1997), *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002), and *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F. 3d 520 (3d Cir. 2009)). The Magistrate Judge recommended denial of the motions to dismiss these claims, because Defendants' argument -- that Friendship Ridge was a "long-term structured residence," not a skilled nursing facility, healthcare facility or other facility subject to the statutes and regulations cited by Plaintiff, and therefore neither Friendship Ridge or its individual officers and employees are subject to the cited statutes and regulations -- was premature. The Magistrate Judge deemed it advisable to let discovery play out, in order that the Court may make a meaningful and informed decision on the legal, but fact driven, argument.

With regard to Plaintiff's claims predicated upon Pennsylvania Mental Health Care Laws and Regulations, the Magistrate Judge stated:

> It is not clear that Plaintiff is in fact attempting to state a cause of action predicated upon alleged violations of Pennsylvania mental health care laws and regulations, *see* Beaver County's Memorandum of Law (ECF No. 22, at 16), although Plaintiff certainly cites some such laws and regulations in his Amended Complaint. If he is raising such claims, he would have to overcome the Pennsylvania Political Subdivisions Tort Claims Act ("Tort Claims Act"), which provides that "[n]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person," except for eight enumerated categories, none of which are applicable herein. 42 Pa.C.S. §§ 8541, 8542. Moreover, section 8545 provides that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this [Act]." 42 Pa.C.S. § 8545.

6

> Plaintiff's only response to this argument is that, although "Defendant Friendship Ridge claims that the Pennsylvania Health Care Facilities Act (PHCFA) does not provide for a private cause of action [and] both cases cited by the Defendant do, indeed, state that there is no private cause of action, these cases were decided before *Grammar* [sic] *v. John J. Kane Regional Centers–Glen Hazel*, 570 F.3d 520 (3rd Cir. 2009). In *Grammar* [sic], the Court rejected an analogous claim that there is no private cause of action under 42 U.S.C. §1396r. Our claim is consistent with the reasoning of *Grammar* [sic], which invalidates the cases relied upon by Defendant." Plaintiff's Response To Defendant County Of Beaver's Motion For Partial Dismissal Of Plaintiff's Amended Complaint Pursuant To Rule 12(b)(6) (ECF No. 25, sec. C, at 10).
>
> The Court agrees with defendants that they are immunized from liability for Pennsylvania common law and statutory causes of action by the Tort Claims Act, and Plaintiff implicitly concedes as much by not responding at all to the immunity argument. Moreover, the fact that the *Grammer* case found a *federal* private cause of action under 42 U.S.C. §1396r via 42 U.S.C. § 1983 has no bearing whatever on whether Pennsylvania mental healthcare statutes and regulations create a private cause of action. In the absence of any authority to the contrary, any claims based upon violations of Pennsylvania laws and regulations regarding mental health care providers must be dismissed

Report and Recommendation (ECF No. 41), at 15-16.

**Objections to Report and Recommendation**

Plaintiff filed Objections to portions of the Magistrate Judge's Report and Recommendation, as did Premier (ECF Nos. 43, 44, respectively). The Magistrate Judge directed responses to said Objections, which have been filed on behalf of Friendship Ridge, the original individual Defendants, and Premier. (ECF Nos. 45, 46 and 47). The Objections are now ripe, and for the reasons set forth below, will be denied, for the most part. The Court will address the issues raised, seriatim.

**Plaintiff's Objections (ECF No. 43)**

Plaintiff's initial point is not an objection, *per se*, but a point of clarification which is well-taken, but of no import to the decision on the motions to dismiss. As Plaintiff indicates, his deliberate indifference claims should be analyzed under Fourteenth Amendment, Due Process,

jurisprudence, not Eighth Amendment, inasmuch as the decedent was not a convicted prisoner but an involuntarily committed patient at Friendship Ridge. *See Youngblood v. Romeo*, 457 U.S. 307 (1982); *Davidson v. O'Lone*, 752 F.2d 817, 821 (3d Cir. 1984). This Objection is sustained, therefore, to the extent of this legal clarification.

Plaintiff also objects to the Magistrate Judge's recommendation that claims (if any) brought pursuant to Pennsylvania mental health care laws and regulations be dismissed pursuant to the Pennsylvania Political Subdivisions Tort Claims Act. Plaintiff asserts that the Magistrate Judge erred in finding that he had not responded to the immunity argument, and so implicitly conceded that argument. Report and Recommendation (ECF No. 41), at 16.

Plaintiff is correct that he did, in fact, respond to the immunity argument in his response. However, Plaintiff does not object to the alternative reason for which the Magistrate Judge recommended such claims be dismissed - because Plaintiff offered no authority to support his position that Pennsylvania laws and regulations regarding mental health care providers create or are intended to create state rights for violations of these laws. In the absence of any such authority, this Court agrees with the Magistrate Judge that any claims based upon violations of such laws must be dismissed. Further, the Magistrate Judge correctly observed that Plaintiff's reliance on *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel* is misplaced, because that decision was only concerned with federal laws and regulations. The *Grammer* Court had no occasion to consider whether any *Pennsylvania statutes or regulations* created rights for Pennsylvania patients affected thereby, and the *Grammer* Court's analysis of rights created by Congress "has no bearing" on rights created by state law.

To the extent Plaintiff objects to the recommendation to dismiss these state law based claims, therefore, Plaintiff's Objection is denied.

8

**Premier Healthcare Resources, Inc.'s Objections (ECF No. 44)**

Premier Healthcare Resources, Inc. makes the following Objection (using the acronym "PHRC"):

> On January 9, 2013 PHCR filed a Response to Motions to Dismiss Plaintiff's Amended Complaint of Nursing Defendants and Friendship Ridge. [presumably referring to (ECF No. 28)]. Since the Plaintiff alleged in the Amended Complaint that PHCR was vicariously liable for the actions of the Nursing Defendants, PHCR requested in its Response that, to the extent the Motions to Dismiss were granted on behalf of the Nursing Defendants and on behalf of Friendship Ridge, that those claims be dismissed as to PHCR, as well.
>
> On May 17, 2013, this Court issued a Report and Recommendation which granted in part and denied in part the "pending Motions to Dismiss," which the Court then referenced as the Motion filed by the Nursing Defendants (Doc. 21), the Motion filed by Friendship Ridge (Doc. 23), and the Motion filed by Defendants, Gervais Hannon and Trina Hall (Doc. 39). *Nowhere in the Report and Recommendation is there a reference and/or ruling upon PHCR's position set forth in its Response filed on January 9, 2013.* For all of the reasons set forth herein, PHCR objects to the Report and Recommendation and respectfully requests that, to the extent PHCR is found to be vicariously liable for the actions of the Nursing Defendants, Hannon and/or Hall, or to be responsible for the action of Friendship Ridge, all of which PHCR has denied in its Answer, that claims dismissed against those Defendants also be dismissed as to PHCR, as well.

Premier's Objections (ECF No. 44), at 2-3 (emphasis added).

In its Objections, Premier requests "that its Response to Motions to Dismiss Plaintiff's Amended Complaint of Nursing Defendants and Friendship Ridge be granted, insofar as the respective Motions of the Defendants are granted, based upon the allegations of vicarious liability in the Amended Complaint," and "that each claim dismissed against [the individual] Defendants . . . and County of Beaver d/b/a Friendship Ridge be dismissed as to PHCR." (ECF No. 44), at 4. *See also* Premier's Response to Plaintiff's Objections to Report and Recommendation (ECF No. 47), at 8. Premier's Objection is confounding.

First, the district court does not "grant responses." Responses to motions are neither docketed nor treated as "motions" in their own right, for obvious reasons. Any request for some affirmative action or relief from the district court should be set forth in a motion, not contained within some other document, such as a response to another defendant's motion, and must be accompanied by a Proposed Order of Court. LCvR 7; *see also* Magistrate Judge Eddy's Practices and Procedures at http://www.pawd.uscourts.gov/ Documents/Judge/eddy/eddy_pp.pdf. A party cannot expect relief to be granted when it is contained within a brief or a response to another party's motion, and Premier should not be surprised if a court does not rule upon a "position set forth in its Response," especially one as obscure as Premier's.[4]

Second, Premier fails to appreciate that, when Plaintiff filed an Amended Complaint in this Court, the original state court complaint was rendered a nullity and of no effect. *West Run Student Hous. Assoc., LLC v. Huntington Nat. Bank*, 712 F.3d 165 (3d Cir. 2013) ("amended complaint 'supersedes the original and renders it of *no legal effect*, unless the amended complaint specifically refers to or adopts the earlier pleading.'"); *New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492, 1504 (3d Cir. 1996) ("general principle [is] that the amended complaint 'supersedes the original and renders it of *no legal effect*, unless the amended complaint specifically refers to or adopts the earlier pleading.'") (adopting rule set forth in *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985)); *Stacey v. City of Hermitage*, 2008 WL 282458, *4 (W.D.Pa. 2008) (McVerry, J.; "It is well-settled that an amended complaint supersedes the original complaint and renders it of no legal effect.") (citing

---

[4] The only "request" for relief in Premier's Response to the other defendants' motions to dismiss the Amended Complaint is as follows: "To the extent that the Defendants' Motions to Dismiss are granted, the claims against PHCR must also be dismissed, since those claims are based on PHCR being vicariously liable for the alleged actions of the Nursing Defendants." (ECF No. 28), at ¶ 11. Premier's Response does not even set forth a "Wherefore Clause" requesting any affirmative relief.

*New Rock Asset Partners, L.P., supra*; additional citations omitted). Accordingly, Premier's cross claims to a complaint having no effect, i.e., cross claims based on a nullity, did not survive Plaintiff's Amended Complaint.

Premier argues that pursuant to Fed.R.Civ.P. 81, "unless there is an Order of Court directing the parties to replead after a case is removed from state court to federal court, repleading is not required." Premier Objections (ECF No. 44), at 4. (More precisely, Rule 81(c)(2) provides: "After removal, repleading is unnecessary unless the court orders it."). Although repleading a pleading filed in state court prior to removal is unnecessary, Rule 81(c)(2) does not "freeze" the litigation at the stage at which it is removed from state court; once removed to this Court, the case is governed by the Federal Rules of Civil Procedure and by federal precedent. Because Plaintiff filed an Amended Complaint in this Court on November 19, 2012, the original complaint was rendered a nullity, and the previous motions to dismiss the original, removed complaint (ECF Nos. 6, 13) as well as Friendship's motion to dismiss Premier's cross claim (ECF No. 8) were all rendered moot. Once Plaintiff filed an Amended Complaint, any counter or cross claims previously made to Plaintiff's original complaint were rendered of no effect, whether made in state court or this Court, because there was nothing left to counter or cross.

Premier's Objections are therefore denied. The Court also notes that on July 31, 2013, Plaintiff and Premier filed a Stipulation (ECF No. 48) stating: "The undersigned parties, by and through their counsel, hereby agree that PHCR's Answer, New Matter and Cross-Claim Pursuant to Pa.R.C.P. 1031.1 filed in response to Plaintiff's state court Complaint shall be deemed to be filed as to Plaintiff's Amended Complaint." This attempt by stipulation to resurrect a pleading that has been rendered null and of no effect by operation of the Federal Rules of Civil Procedure

11

is of no consequence. Within 20 days of remand to the Magistrate Judge for further pretrial proceedings, Premier may file an Answer, New Matter and Cross-Claim or other responsive pleading (not a "repleading") in compliance with the Federal Rules of Civil Procedure, particularly Fed.R.Civ.P. 7 (delineating "pleadings"), 12 (defenses, objections, motions and "responsive pleadings"), and 13 (counter and cross claims).

After <u>de novo</u> review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 30th day of September, 2013, in accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Objections to the Report and Recommendation (ECF No. 43, 44) are **DENIED**; and Defendants' Motions to Dismiss (ECF Nos. 21, 23 and 39) are **GRANTED IN PART AND DENIED IN PART.** The case is remanded to United States Magistrate Judge Eddy for further proceedings consistent with this Memorandum Opinion. Upon remand, the Magistrate Judge may address in the first instance the County's Motion to Dismiss Cross-Claim By Premier Healthcare Resources, Inc. Pursuant to Rule 12(b)(6) (ECF No. 49, replaced by ECF No. 51 which appears to be the same motion). The Report and Recommendation of Magistrate Judge Eddy, dated May 17, 2013, is adopted as the opinion of the court, except as noted above.

<u>/s Terrence F. McVerry</u>
Terrence F. McVerry
United States District Judge

cc: all counsel of record